IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 22-cr-14 (APM)** |
| : | |
| **v.** : | |
| : | |
| **JONATHAN WALDEN,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The defendant stands charged with obstructing Congress and unlawfully entering and remaining in a restricted building and grounds for his role in the attack on the United States Capitol on January 6, 2021. His trial is scheduled to begin on April 3, 2023. The government respectfully submits this notice of its intent to introduce evidence that Walden possessed a firearm while inside the District of Columbia during the January 5-7 period. This evidence constitutes intrinsic evidence of the offenses with which Walden is charged and thus falls outside Rule 404(b)'s notice requirement. That said, this evidence is also admissible pursuant to Rule 404(b) to prove his intent, knowledge, planning, and preparation to commit obstruction of Congress. The government provides notice of its intent to introduce this evidence below so that the defense and the Court may consider the relevance and admissibility of this evidence well in advance of trial.

I.  **Background**

The indictment charges the defendant with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (Count One); and entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Two). ECF No. 1. As this Court is aware from having presided over trials in related cases, Defendant Walden is alleged to

have joined with certain members and affiliates of a group called the "Oath Keepers" to attack the Capitol in an effort to stop, hinder, or delay the Certification of the Electoral College vote on January 6, 2021. That effort was led by Elmer Stewart Rhodes, the founder and head of the Oath Keepers who was found guilty of seditious conspiracy and related charges in the recent trial of *U.S. v. Rhodes*, et al., 22-cr-15-APM. The evidence at prior trials has shown that two groups of Oath Keepers, clad in military-style clothing, helmets, and ballistics vests, breached the Capitol on January 6: one group of 14 individuals, which the government has referred to as "Line 1," entered at approximately 2:40 p.m.; and a second group, "Line 2," which began its breach at 3:15 p.m. Mr. Walden is alleged to have been part of the second group, led by Roberto Minuta and Joshua James. James has pleaded guilty to seditious conspiracy and related charges in Case No. 22-cr-15; Minuta was found guilty of seditious conspiracy and related charges in the recent trial of *U.S. v. Minuta*, et al., 22-cr-15-APM. Mr. Walden is alleged to have breached the building with his dog.

At the trial of this matter, the government will introduce evidence that Defendant Walden reached out to James prior to January 6 to volunteer to participate in the Oath Keepers operation. Walden sent James an email in which he wrote:

> I am interested in the QRF team in D.C.   I am a former Firefighter, EMT-8, and have a K-9 trained for security patrol (82 lb. German Shepherd named "Warrior."). I have a Jump Bag with Trauma supplies and have ALL the necessary 2A gear that the situation may require.

At trial, the government will present the testimony of a witness who was part of Line 2 and who will testify that Walden met up with the group at their hotel. This witness will testify that Walden had a pistol in his backpack, which he brought into the group's hotel, which was located in Washington, D.C. Walden later wore that same backpack when he breached the Capitol, but the witness is not aware whether the pistol was inside Walden's backpack at that time.

## II. Legal Standard

    a. <u>Intrinsic Evidence is Admissible</u>

"Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.'" *United States v. Allen*, 960 F.2d 1055, 1058 (D.C. Cir. 1992) ("[The evidence] was an intrinsic part of the witness' account of the circumstances surrounding the offense for which [defendant] was indicted (and also was relevant both to [defendant's] intent to distribute and his knowledge about [a co-conspirator's] drug cache."); *see also United States v. Miller*, 799 F.3d 1097, 1105 (D.C. Cir. 2015) ("The Rule does not bar 'evidence . . . of an act that is part of the charged offense,'"); *United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010) ("No [404(b)] notice is required, however, for evidence of an 'intrinsic act,' that is, an act that is 'part of the crime charged.'"); *United States v. Gartmon*, 146 F.3d 1015, 1020 (D.C. Cir. 1998) (evidence that defendant charged with fraud had threatened a co-conspirator not "other crime evidence" but instead "inextricably intertwined" with charged offense); *United States v. Washington*, 12 F.3d 1128, 1135 (D.C. Cir. 1994) ("Moreover, 'Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.'"); Fed. R. Evid. 404(b), Advisory Comm. Note regarding 1991 Amendment ("The amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense."); *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000) ("[U]ncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime," thus taking such acts outside the scope of Rule 404(b).)[1]

---

[1] It should be noted that *Bowie,* 232 F.3d 923 seems to have questioned the admission of intrinsic other crimes evidence without a 404(b) analysis, but one panel of the Circuit cannot overrule standing precedent. *See, e.g., United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997)

3

This well-established principle applies with particular force in cases, such as this, that involve a conspiracy: "When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself." *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994). Moreover, where evidence of the defendants' acts is either inextricably intertwined with the charged conspiracy, or provides evidence of the conspiracy itself, it is admissible without Rule 404(b) analysis even if those acts fall outside the period during which the indictment alleges the conspiracy existed. *United States v. Diaz*, 878 F.2d 608, 614-16 & n.2 (2nd Cir. 1989) (crimes, wrongs or acts occurring before alleged inception date of conspiracy were relevant and admissible in drug conspiracy prosecution and did not raise Rule 404(b) question); *United States v. Bates*, 600 F. 2d 505, 509 (5th Cir. 1979) (testimony concerning acts and backgrounds of co-conspirators, including evidence of behavior antedating period covered by indictment, was not extraneous evidence of other crimes, but admissible as bearing on the existence and purpose of the conspiracy and the significance of later behavior).

  b. <u>Other Acts Evidence is Admissible under Rule 404(b)</u>

Evidence subject to Federal Rule of Evidence 404(b) is nevertheless still admissible. The Federal Rules of Evidence simply prohibit "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in

---

("panels of this court [] are obligated to follow controlling circuit precedent until either [the Court of Appeals] sitting *en banc*, or the Supreme Court, overrule it."); *see also United States v. Alexander*, 331 F.3d 116, 125-26 (D.C. Cir. 2003) ("Although we have recently expressed our dissatisfaction with the extrinsic-intrinsic distinction . . . we have nonetheless recognized that at least in a narrow range of circumstances ... evidence can be 'intrinsic to' the charged crime"). In any event, the *Bowie* court recognized that its position does not affect the admissibility of the evidence: the "only consequences of labeling evidence 'intrinsic" are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon the defense counsel's request." *Id.* at 927.

accordance with the character." Fed. R. Evid. 404(b).  As the Court of Appeals has reiterated, however:

> Although stated as a restriction, the Rule is actually one of "inclusion rather than exclusion." *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000). Evidence is only prohibited if it is offered for the impermissible inference that a defendant is of bad character resulting in bad conduct. *See, e.g., United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990). Thus evidence of a defendant's prior bad acts is admissible for purposes *unrelated* to the defendant's character or propensity to commit crime, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); *see also Miller*, 895 F.2d at 1436 ("[U]nder Rule 404(b), *any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.").

*United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) (emphasis in original). The Rule's list of permissible uses of bad-act evidence is illustrative, not exhaustive. 2 J. Weinstein and M. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 404.22[6][a] (2017); *see, e.g., Bowie*, 232 F.3d at 933 (approving admission of other crimes evidence to corroborate other evidence). The D.C. Circuit has held that Rule 404(b) is "quite permissive, excluding evidence only if it is offered for the sole purpose of proving that a person's actions conformed to his or her character." *United States v. Long*, 328 F.3d 655, 660-61 (D.C. Cir. 2003) (quotations and citations omitted); *see also United States v. Loza*, 764 F. Supp. 2d 55, 57 (D.D.C. 2011) (citing *Mahdi*, 598 F.3d at 891); *United States v. Pettiford*, 517 F.3d 584, 588 (D.C. Cir. 2008); *Miller*, 895 F.2d at 1436.

Analysis of the admissibility of bad acts evidence involves two steps. First, the Court determines "whether the evidence is probative of some issue other than character." *Cassell*, 292 F.3d at 792. Evidence of other crimes is admissible if it "is relevant, relates to something other than character or propensity, and supports a jury finding that the defendant committed the other crime or act." *Id.* (citing *Bowie*, 232 F.3d at 926-27); *see also Huddleston v. United States*, 485 U.S. 681, 685 (1988). "Only one series of evidential hypotheses is forbidden in criminal cases

5

by Rule 404: a man who commits a crime probably has a defect of character; a man with such a defect of character is more likely than men generally to have committed the act in question." *United States v. Moore*, 732 F.2d 983, 987 n.30 (D.C. Cir. 1984).  Second, the court must decide if the evidence should be excluded under Rule 403 of the Federal Rules of Evidence, *United States v. Clarke*, 24 F.3d 257, 264 (D.C. Cir. 1994), which precludes evidence only if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly cumulative evidence," Fed. R. Evid. 403. "[T]he test under 403 is 'unfair prejudice,' not just any prejudice or harm to the defense." *United States v. Sitzmann*, 856 F. Supp. 2d 55, 61-62 (D.D.C. 2012).

Notably, other crimes evidence is often relevant to several issues.  In its *en banc* decision in *Crowder*, the Court of Appeals stated the following:

> Rule 404(b) evidence will often have such multiple utility, showing at once intent, knowledge, motive, preparation and the like.  Proof of an individual's intent to commit an act may itself serve as proof that the individual committed the act, as the Supreme Court recognized more than a century ago.  In proving that a defendant intended to distribute crack cocaine, for instance, the government might simultaneously be showing the defendant's motive to possess the crack, which Rule 404(b) permits.  Intent would thereby serve as an intermediate fact from which the jury could infer another intermediate fact Bmotive B  from which it could in turn infer the element of possession.  Thus, other-offense evidence of intent would have probative value not just on the intent element, but also on the possession element of the offense.

*Crowder*, 141 F.3d at 1208 (citation omitted). Thus, in *Crowder*, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive.  And these admissible other acts may occur before or after the charged offense.  *See, e.g., United States v. Watson*, 894 F.2d 1345, 1349 (D.C. Cir. 1990) (admitting other crimes that occurred three months after charged offense); *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir. 1991) ("By it its very terms, 404(b) does not distinguish between 'prior' and 'subsequent' acts"); *United States v. Johnson*, 934 F.2d

936, 940 (8th Cir. 1991) ("the mere subsequency of an act . . . does not on that ground alone make it incompetent").

### III. The Government's Proffered Evidence is Admissible

The government will seek to introduce evidence that Mr. Walden brough a firearm to Washington, D.C., as part of his "2A gear" to support the Oath Keepers operation on January 6. This proffered evidence is admissible as intrinsic evidence that "arose out of the same transaction or series of transactions as the charged offense." *United States v. Badru*, 97 F.3d 1471, 1474 (D.C. Cir. 1996); *see also United States v. Lorenzana-Cordon*, 141 F. Supp. 3d 35, 40 (D.D.C. 2015) ("[W]here the crime charged is conspiracy, evidence closely related to the conspiracy alleged in the indictment is admissible as intrinsic evidence."). This evidence is also relevant to issues other than Walden's character and propensity and, therefore, admissible pursuant to Rule 404(b).

That Walden reached out to the Oath Keepers prior to January 6 and offered to be part of the QRF and to bring related "gear" – namely, firearms – and then *did* in fact bring such gear, is direct evidence of his intent, knowledge, and participation in the offenses charged. Indeed, in the related *Rhodes* case, this Court ruled that evidence of the defendants' participation in and planning for the QRF was "clearly intrinsic to the charged offenses." 22-cr-15 8/30/22 Tr. at 10. While Walden is an unindicted co-conspirator to the *Rhodes* defendants, evidence of his participation in the conspiracy will be introduced to establish his criminal intent to obstruct Congress on January 6. As this conduct is "intrinsic" to the charged offense, it is not subject to the notice requirements under Rule 404(b). *Bowie*, 232 F.3d at 929.

Even if this evidence were not intrinsic, it would be admissible as evidence of Walden's intent, preparation, plan, and knowledge. Fed. R. Evid. 404(b). *See Lorenzana-Corden*, 141 F. Supp. 3d at 43 ("Defendants' alleged possession and use of weapons, as well as their

reliance on heavily-armed security, are part and parcel to the alleged drug trafficking operation and constitute contemporaneous conduct designed to facilitate and advance the goals of the charged conspiracy."); *see also United States v. Crowder*, 141 F.3d 1202, 1208 (D.C. Cir. 1998) (*en banc*) ("Rule 404(b) evidence will often have such multiple utility, showing at once intent, knowledge, motive, preparation, and the like."); *United States v. Lerma-Plata*, 919 F. Supp. 2d 152, 158 (D.D.C. 2013); *United States v. Edwards*, 889 F. Supp. 2d 47, 49-51 (D.D.C. 2012) (listing cases finding evidence admissible in conspiracy cases applying the "*Bowie* formulation"); *United States v. Davis*, 402 F. Supp. 2d 252, 262 (D.D.C. 2005). Therefore, it should be admitted.

### IV. Conclusion

Accordingly, for the foregoing reasons, the government respectfully requests that the Court permit at trial the introduction of the evidence proffered above, as evidence of the charged offenses or, in the alternative, pursuant to Federal Rule of Evidence 404(b).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:  /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Troy A. Edwards, Jr.
Louis Manzo
Jeffrey Nestler
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530

        /s/
Alexandra Hughes
Trial Attorney
National Security Division,
United States Department of Justice