AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>HUNTER ALLEN EHMKE<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Case: 1:21-mj-00027
Assigned to: Judge Meriweather, Robin M
Assign Date: 1/11/2021
Description: COMPLAINT W/ARREST WARRANT

## ARREST WARRANT

To:     Any authorized law enforcement officer

        **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   HUNTER ALLEN EHMKE                                                                ,

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment     ❏ Superseding Indictment     ❏ Information     ❏ Superseding Information     ☑ Complaint

❏ Probation Violation Petition     ❏ Supervised Release Violation Petition     ❏ Violation Notice     ❏ Order of the Court

This offense is briefly described as follows:

  18 U.S.C. § 1361 - Damage or Destroy Government Property

  18 U.S.C. § 1521(c)(2) - Obstruction of an Official Proceeding

  40 U.S.C. § 5104(e)(2)-  Violent Entry and Disorderly Conduct on Capitol Grounds

Date:     01/11/2021

Robin M. Meriweather
*Digitally signed by Robin M. Meriweather*
*Date: 2021.01.11 14:54:33 -05'00'*

_____
*Issuing officer's signature*

City and state:   Washington, DC

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|

This warrant was received on *(date)* 01/11/2021     , and the person was arrested on *(date)* 01/13/2021
at *(city and state)*   Glendora, California     .

Date:   01/13/2021

_____
*Arresting officer's signature*

Scott Bierwirth,  Special  Agent
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

FILED

# UNITED STATES DISTRICT COURT

2021 JAN 14 AM 9:00

for the

District of Columbia

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

United States of America

v.

HUNTER ALLEN EHMKE

)
)
)
)
)
)

Defendant

Case: 1:21-mj-00027
Assigned to: Judge Meriweather, Robin M
Assign Date: 1/11/2021
Description: COMPLAINT W/ARREST WARRANT

21MJ00205

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*    HUNTER ALLEN EHMKE                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☑ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1361 - Damage or Destroy Government Property

18 U.S.C. § 1521(c)(2) - Obstruction of an Official Proceeding

40 U.S.C. § 5104(e)(2)- Violent Entry and Disorderly Conduct on Capitol Grounds

Date:     01/11/2021

Robin M. Meriweather

*Digitally signed by Robin M. Meriweather
Date: 2021.01.11 14:54:33 -05'00'*

*Issuing officer's signature*

City and state:     Washington, DC

Robin M. Meriweather, U.S. Magistrate Judge

*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |

*Arresting officer's signature*

*Printed name and title*

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br><br>Hunter Allen Ehmke<br>DOB: 08/15/2000; PDID: None<br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:21-mj-00027
Assigned to: Judge Meriweather, Robin M
Assign Date: 1/11/2021
Description: COMPLAINT W/ARREST WARRANT

21 MJ 00205

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the
_____ District of _____ Columbia _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1361 | Damage or Destroy Government Property |
| 18 U.S.C. § 1521(c)(2) | Obstruction of a Official Proceeding |
| 40 U.S.C. § 5104(e)(2) | Violent Entry and Disorderly Conduct on Capitol Grounds |

This criminal complaint is based on these facts:

See attached statement of facts.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent James Soltes, USCP
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone (specify reliable electronic means).

Date: _____ 01/11/2021 _____

Robin M.
Meriweather

Digitally signed by Robin M.
Meriweather
Date: 2021.01.11 14:58:18
-05'00'

_____
*Judge's signature*

City and state: _____ Washington, D.C. _____

Robin M. Meriweather, United States Magistrate Judge
_____
*Printed name and title*

| Print | Save As... | Attach | Reset |
|---|---|---|---|

## STATEMENT OF FACTS

On January 6, 2021, your affiant, Special Agent James Soltes, was on duty and performing my official duties as a Special Agent with the United States Capitol Police ("USCP"). Specifically, I am assigned to the Criminal Investigations Section, tasked with investigating criminal activity in and around the Capitol grounds. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws. The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Vice President Mike Pence was present and presiding in the Senate Chamber.

With the joint session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. Temporary and permanent barricades surround the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades and officers of the U.S. Capitol Police, and the crowd advanced to the exterior façade of the building. At such time, the joint session was still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows. Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

At approximately 2:15 p.m., Capitol Police Officer Fluke, was actively holding a Civil Disturbance Unit ("CDU") line with other officers with the United States Capitol Police on the outside of the Rotunda Door on the East side on First Street, Southeast. Your affiant has spoken

to Officer Fluke about this incident and has also reviewed photos and reports of this incident described herein.

While holding back hundreds of subjects from reaching the door using CDU shields, Officer Fluke looked to the north of the Rotunda steps landing and observed an individual, later identified as Hunter Ehmke (hereinafter "Ehmke"), wearing a dark grey jacket and dark colored pants, standing on a ledge approximately 3 feet off the ground. Officer Fluke, who is familiar with the U.S. Capitol Building from his employment with the Capitol Police, knew that the ledge had access to a multiple-pane window over 6 foot in height that leads to interior office of the building.

Officer Fluke observed Ehmke pointing towards the window, followed by looking at the crowd to his south and waving his hand as if to summon others over to his position. Ehmke repeated the sequence of gestures again. Officer Fluke shouted out, "They're going to break the window" during this time in hopes to bring attention from fellow officers. Officer Fluke looked east to focus back on the crowd pushing on the shields and gave orders for the growing crowd to get back. Officer Fluke turned to look north again and observed Ehmke with a balled fist, pulling his arm back and twisting his upper body. Ehmke then swung forward striking a pane of the window about shoulder level of Ehmke. Officer Fluke began to run toward Ehmke while continuing to hold his shield in both hands.

As Officer Fluke reached Ehmke, he shouted, "Get away from the window" and pushed the shield forward striking Ehmke in the lower torso and upper leg on Ehmke's left side in attempt to push Ehmke away from the window. This disoriented Ehmke, but he remained standing on the ledge. While using the CDU shield again, Officer Fluke attempted to push Ehmke again, causing Ehmke to fall to the ground on the landing. Officer Fluke lost grip of the shield and fell to the ground that was covered in shards of glass. While Ehmke lay face-down on the ground, two other officers with the U.S. Capitol Police pulled Ehmke's arms behind his back and detained him with handcuffs. Office Fluke stood up and gave orders to the crowd to stay back and set a perimeter.

Officers moved north on the landing to set up a perimeter with CDU shields between a crowd of approximately ten individuals in the immediate area and the two officers, Officer Fluke, and Ehmke. This small perimeter line of officers also blocked possible attempts of breaching the now visibly broken window which, to Officer Fluke's knowledge, did not show signs of breakage prior to Ehmke striking the window. Ehmke was assisted onto his feet. USCP Officer Mooney obtained Ehmke's California driver's license and positively identified him as HUNTER ALLEN EHMKE. You affiant has spoken to Officer Mooney who reported that Ehmke also verbally identified himself. Officer Fluke asked Ehmke if he was injured, and Ehmke's denied any injuries and there were no injuries visible.

Officer Fluke and Mooney attempted multiple times to go over the radio to advise their situation and seek further instructions. These attempts could not be clearly heard or unable to be broadcasted due to the many other calls of service by USCP officers. As the officers discussed an action plan, the disturbance caused individuals of the crowd facing the Rotunda doors to divert their attention towards the approximately 10 officers in the northwest corner of the landing. Individuals in the throng began to show aggression by pointing fingers and shouting obscenities. One unidentified individual threatened Officer Fluke and the other officers, stating "you're not

leaving with him", while pointing in the direction of Officer Fluke and Ehmke. Due to the growing aggression of the large crowd that far outnumbered the officers and the exigent circumstances at the time, officers made the decision to allow Ehmke depart under his own power. Officers took photos of Ehmke and the damaged window. Officers advised Ehmke that his actions were criminal and that they would seek a warrant for his arrest. Ehmke was told to immediately leave the Capitol grounds. Officers maintained custody of Ehmke's driver's license upon his release.

Based on the foregoing, your affiant submits that there is probable cause to believe that HUNTER EHMKE violated 18 U.S.C. § 1361, which makes it a crime to damage or destroy government property. The window of the United States Capitol that EHMKE broke is property of the United States government. The Architect of the Capitol has estimated that the cost to replace the broken window is $2,821.

Your affiant also submits that there is probable cause to believe that HUNTER EHMKE violated 18 U.S.C. § 1521(c)(2), which makes it a crime to obstruct, influence, or impede any official proceeding, or attempt to do so.

Your affiant further submits there is also probable cause to believe that HUNTER EHMKE violated 40 U.S.C. §§ 5104(e)(2)(D) and (G), which makes it a crime to willfully and knowingly (D) engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Special Agent James Soltes
United States Capitol Police

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 11th day of January 2021.

Robin M.
Meriweather

Digitally signed by
Robin M. Meriweather
Date: 2021.01.11
14:57:09 -05'00'

ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE

FILED

2021 JAN 14 AM 8: 59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

United States of America
**PLAINTIFF(S)**

v.

Hunter Allen Ehmke

**DEFENDANT(S).**

**CASE NUMBER**

1:21-mj:00027

21 MJ 00205

**DECLARATION RE
OUT-OF-DISTRICT WARRANT**

---

The above-named defendant was charged by: US District Court for the District of Columbia
in the _____ District of Columbia on 1/11/2021
at 14:54:33 ☐ a.m. / ☒ p.m. The offense was allegedly committed on or about 1/6/2021
in violation of Title 18 and 40 U.S.C., Section(s) 18 USC 1361, 18 USC 1521(c)(2), 40 USC 5104(e)(2)
to wit: _____

A warrant for defendant's arrest was issued by: Robin M. Meriweather, U.S. Magistrate Judge

Bond of $ _____ was ☐ set / ☐ recommended.

Type of Bond: _____

Relevant document(s) on hand (attach): Arrest Warrant and Complaint

---

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1/14/2021
**Date**

_____
**Signature of Agent**

Joseph Ahonen
**Print Name of Agent**

FBI
**Agency**

Special Agent
**Title**

---

CR-52 (03/20)  **DECLARATION RE OUT-OF-DISTRICT WARRANT**

Submit this form by e-mail to:

FILED

CrimIntakeCourtDocs-LA@cacd.uscourts.gov  For Los Angeles criminal duty.

CrimIntakeCourtDocs-SA@cacd.uscourts.gov  For Santa Ana criminal duty.

2021 JAN 14 AM 8: 59

CrimIntakeCourtDocs-RS@cacd.uscourts.gov  For Riverside criminal duty.

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
SB

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER: |
|---|---|
| V. **PLAINTIFF** | 1:21-mj-00027 |
| HUNTER ALLEN EHMKE | **REPORT COMMENCING CRIMINAL ACTION** |
| USMS# **DEFENDANT** | |

TO: CLERK'S OFFICE, U.S. DISTRICT COURT

2 1 MJ 0 0 2 0 5

All areas must be completed. Any area not applicable or unknown should indicate "N/A".

1.  The defendant was arrested in this district on ~~1/14/2021~~ 1/13/2020 at ~~0600~~ 2000 ☒AM ☒PM
    or

    The defendant was arrested in the  *N/A*  District of _____ on _____ at _____ ☐ AM ☐ PM

2.  The above named defendant is currently hospitalized and cannot be transported to court for arraignment or any other preliminary proceeding:   ☐ Yes   ☒ No

3.  Defendant is in U.S. Marshals Service lock-up (in this court building):   ☒ Yes   ☐ No

4.  Charges under which defendant has been booked:

    18 USC 1361, 18 USC 1521(c)(2), 40 USC 5104(e)(2)

5.  Offense charged is a:   ☒ Felony   ☐ Minor Offense   ☐ Petty Offense   ☐ Other Misdemeanor

6.  Interpreter Required:   ☒ No   ☐ Yes   Language: _____

7.  Year of Birth: 2000

8.  Defendant has retained counsel:   ☒ No
    ☐ Yes   Name: _____   Phone Number: _____

9.  Name of Pretrial Services Officer notified: _____

10. Remarks (if any): _____

11. Name: Joseph Ahonen   (please print)

12. Office Phone Number: 213-703-9681   13. Agency: FBI

14. Signature: _____   15. Date: 1/13/2021

CR-64 (09/20)   REPORT COMMENCING CRIMINAL ACTION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT

**1/14/2021**

CENTRAL DISTRICT OF CALIFORNIA
BY: slo DEPUTY

UNITED STATES OF AMERICA,

PLAINTIFF

v.

Hunter Allen Ehmke

DEFENDANT.

CASE NUMBER:

21-mj-205

**WAIVER OF RIGHTS**
**(OUT OF DISTRICT CASES)**

I understand that charges are pending in the _____ District of _D.C_
alleging violation of _18 USC 1361_ and that I have been arrested in this district and
*(Title and Section / Probation / Supervised Release)*
taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:

(1)    have an identity hearing to determine whether I am the person named in the charges;
(2)    arrival of process;

*-Check one only-*

☐    **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**
(3)    have a preliminary hearing (unless an indictment has been returned or an information filed) to
       determine whether there is probable cause to believe an offense has been committed by me, the
       hearing to be held in this district or the district of prosecution; and
(4)    request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead
       guilty.

☐    **PROBATION OR SUPERVISED RELEASE CASES:**
(3)    have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am
       held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether
       there is probable cause to believe I have violated the terms of my probation/supervised release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT(S) TO:**

☑    have an identity hearing
☑    arrival of process
☐    have a preliminary hearing
☐    have an identity hearing, and I have been informed that I have no right to a preliminary hearing
☑    have an identity hearing, but I request that a preliminary hearing be held in the prosecuting
       district.

Hunter Ehmke by Attorn w/ permission
Defendant

_____
Defense Counsel

John E McDermott
United States Magistrate Judge

Date: _1/14/2021_

I have translated this Waiver to the defendant in the _____ language.

Date: _____

_____
Interpreter(if required)

M-14 (09/09)                    WAIVER OF RIGHTS (OUT OF DISTRICT CASES)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | Western Division | |
| vs. | Case #: 2:21-MJ-00205 | Out of District |
| | Initial App. Date: 01/14/2021 | Affidavit |
| Hunter Allen Ehmke | Time: 1:00 PM | Custody |
| | | |
| Defendant. | Date Filed: 01/14/2021 | |
| | Violation: 18:1361 | |
| | CourtSmart/Reporter: Myra Ponce | |

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: John E. McDermott | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

**PRESENT:**

| ShaRon Lorenzo | David Ryan | / None |
|---|---|---|
| *Deputy Clerk* | *Assistant U.S. Attorney* | *Interpreter/Language* |

☑ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and ☑ removal hearing / Rule 20.

☑ Defendant states true name is as charged.

☑ Defendant advised of consequences of false statement in financial affidavit.

☑ Attorney: Adam Olin ☑ DFPD, ☑ Appointed

☑ BAIL FIXED AT $40000.00 **(SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS.)**

☑ Defendant executed Waiver of Rights. Process received.

☑ Court ORDERS defendant Held to Answer to District of District of Columbia
☑ Bond to transfer, if bail is posted. Defendant to report on or before 1/21/2021 in DC
☑ Defendant committed to the custody of the U.S. Marshal

☑ RELEASE ORDER NO: ELECTRONIC

☑ Other: Dft to appear on 1/21 @1PM in DC. Video details provided to defense counsel.

☑ PSA, ☑ FINANCIAL, ☑ READY

Deputy Clerk Initials: slo
00 : 22

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Hunter Allen Ehmke**          **Case No.** 21-MJ-205

■ Defendant  ☐ Material Witness

Violation of Title and Section: **18 U.S.C. 1361, 18 U.S.C. 1521(c)(2), 50 U.S.C. 5104(e)(2)**

☐ Summons  ■ Out of District  ☐ **UNDER SEAL**  ☐ Modified Date: _____

| *Check only one of the five numbered boxes (unless one bond is to be replaced by another):* | | |
|---|---|---|
| 1. ☐ Personal Recognizance (*Signature Only*) <br><br> 2. ☐ Unsecured Appearance Bond <br> $ _____ <br><br> 3. ☒ Appearance Bond <br> $ 40,000 _____ <br><br> (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*) <br><br> (b). ☒ Affidavit of Surety Without <br> Justification (*Form CR-4*) Signed by: <br> Allen Ehmke ($25,000) <br> Bob Kuhn ($15,000) - by 1/19/2021 <br><br> _____ <br> _____ <br> _____ <br> _____ <br> _____ <br> _____ | (c). ☐ Affidavit of Surety With Justification <br> (*Form CR-3*) Signed by: <br> _____ <br> _____ <br> _____ <br> ☐ With Full Deeding of Property: <br> _____ <br> _____ <br> _____ <br> _____ <br> _____ <br><br> 4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*): <br> $ _____ <br><br> 5. ☐ Corporate Surety Bond in the Amount of: <br> $ _____ | Release No. <br><br> ELECTRONIC <br> _____ <br> ☐ **Release to Pretrial ONLY** <br> ☐ **Release to Probation ONLY** <br> ☐ Forthwith Release <br> _____ <br> _____ <br> ■ All Conditions of Bond <br> (*Except Clearing-Warrants Condition*) Must be Met and Posted by: <br> 1/19/2021 <br><br> ☐ Third-Party Custody <br> Affidavit (*Form CR-31*) <br><br> ■ Bail Fixed by Court: <br> JEM / slo <br> (*Judge / Clerk's Initials*) |

## PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

■ Submit to: ■ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
  (*The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."*)

■ Surrender all passports and travel documents to Supervising Agency no later than 1/15/2021 _____ , sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

■ Travel is restricted to  CACD; Travel to DDC only for in-person court appearances  unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

■ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

■ Maintain or actively seek employment and provide proof to Supervising Agency. ■ Employment to be approved by Supervising Agency.

■ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: _____     Date: _____

**Case Name:** United States of America v. Hunter Allen Ehmke     Case No. 21-MJ-205

☑ Defendant    ☐ Material Witness

☑ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ ; ☐ except _____ .

☑ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present: _____ .

☑ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☑ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☑ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which ☑ **will** or ☐ **will not** include a location monitoring bracelet. You must pay all or part of the costs of the program based upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

    ☑ Location monitoring only - no residential restrictions;

          **-or-**

    ☐ You are restricted to your residence every day:

       ☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

       ☐ as directed by Supervising Agency;

          **-or-**

Defendant's Initials: _____ Date: _____

**Case Name:** United States of America v. <u>Hunter Allen Ehmke</u>    Case No. <u>21-MJ-205</u>

■ Defendant    ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and

_____ , all of which must be preapproved by Supervising Agency;

☐ **Release to PSA only**    ☐ **Release to USPO only**

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days
of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except
as approved by Supervising Agency.    ☐ In order to determine compliance, you agree to submit to a search of your person
and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than
the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children
under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare
facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search
of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S.
Marshal.

☐ Other conditions:

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as
may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other
United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or
direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number,
so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not
tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be
subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _____    Date: _____

Case Name: United States of America v. **Hunter Allen Ehmke**     Case No. 21-MJ-205

☑ Defendant    ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

_____     _____     _____

*Date*                   *Signature of Defendant / Material Witness*          *Telephone Number*

_____

*City and State (**DO NOT INCLUDE ZIP CODE**)*

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form
     and have been told by the defendant that he or she understands all of it.

_____     _____

*Interpreter's Signature*                         *Date*

Approved: _____     _____

         *United States District Judge / Magistrate Judge*       *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _____   Date: _____

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Hunter Allen Ehmke**   **Case No.** 21-MJ-205

■ Defendant   ☐ Material Witness

Violation of Title and Section: **18 U.S.C. 1361, 18 U.S.C. 1521(c)(2), 50 U.S.C. 5104(e)(2)**

☐ Summons   ■ Out of District   ☐ **UNDER SEAL**   ☐ Modified Date: _____

| *Check only one of the five numbered boxes below (unless one bond is to be replaced by another):* | | |
|---|---|---|
| 1. ☐ Personal Recognizance (*Signature Only*) | (c). ☐ Affidavit of Surety With Justification (*Form CR-3*) Signed by: | Release No. |
| 2. ☐ Unsecured Appearance Bond | _____ | |
| $ _____ | _____ | ☐ **Release to Pretrial ONLY** |
| 3. ☒ Appearance Bond | _____ | ☐ **Release to Probation ONLY** |
| $ 40,000 | | ☐ Forthwith Release |
| (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*) | ☐ With Full Deeding of Property: | |
| (b). ☒ Affidavit of Surety Without Justification (*Form CR-4*) Signed by: | _____ | |
| Allen Ehmke ($25,000) - by 1/14/2021 | _____ | ☐ All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by: |
| Bob Kuhn ($15,000) - by 1/18/2021 | _____ | |
| _____ | _____ | |
| _____ | _____ | |
| _____ | _____ | ☐ Third-Party Custody Affidavit (*Form CR-31*) |
| _____ | 4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*): | |
| _____ | $ _____ | ■ Bail Fixed by Court: |
| _____ | 5. ☐ Corporate Surety Bond in the Amount of: | JEM ___ / slo |
| _____ | $ _____ | (*Judge / Clerk's Initials*) |

### PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

### ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

■ Submit to: ■ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
   (***The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."***)

■ Surrender all passports and travel documents to Supervising Agency no later than 1/15/2021 _____ , sign a Declaration
   re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency
   of this case.

■ Travel is restricted to CACD; Travel to D/DC only for in-person court appearances unless prior permission is granted by Supervising
   Agency to travel to a specific other location. Court permission is required for international travel.

■ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

■ Maintain or actively seek employment and provide proof to Supervising Agency. ■ Employment to be approved by Supervising Agency.

■ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: HE   Date: 1/15/21

**Case Name**: United States of America v. Hunter Allen Ehmke    Case No. 21-MJ-205

☑ Defendant   ☐ Material Witness

☑ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or

witness in the subject investigation or prosecution, ☐ including but not limited to _____

_____ ; ☐ except _____ .

☑ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence

of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

_____ .

☑ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☑ In order to determine compliance,

you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your

own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree

to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining

permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and

requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by

Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to

submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or

designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as

prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency.

You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs

of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by

Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☑ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising

Agency, which ☑ **will** or ☐ **will not** include a location monitoring bracelet. You must pay all or part of the costs of the program based

upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

    ☑ Location monitoring only - no residential restrictions;

        **-or-**

    ☐ You are restricted to your residence every day:

        ☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

        ☐ as directed by Supervising Agency;

        **-or-**

Defendant's Initials: HE   Date: 1/15/21

**Case Name:** United States of America v. **Hunter Allen Ehmke**      Case No. 21-MJ-205

☑ Defendant      ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and
_____ , all of which must be preapproved by Supervising Agency;

☐ **Release to PSA only**   ☐ **Release to USPO only**

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within _____ days
of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except
as approved by Supervising Agency.   ☐ In order to determine compliance, you agree to submit to a search of your person
and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than
the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children
under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare
facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search
of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S.
Marshal.

☐ Other conditions:

_____
_____
_____
_____
_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as
may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other
United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or
direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number,
so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not
tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be
subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: HE      Date: 1/15/21

**Case Name:** United States of America v. **Hunter Allen Ehmke**          Case No. 21-MJ-205

☑ Defendant    ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

| | | |
|---|---|---|
| 1/15/21 | Hunter Ehmke | 909 288 3883 |
| *Date* | *Signature of Defendant / Material Witness* | *Telephone Number* |

Glendora    CA

*City and State (**DO NOT INCLUDE ZIP CODE**)*

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____          _____

*Interpreter's Signature*                                    *Date*

Approved: _____          _____

　　　　　*United States District Judge / Magistrate Judge*          *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: HE    Date: 1/15/21

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Hunter Allen Ehmke**       Case No. 21-MJ-205

☑ Defendant    ☐ Material Witness

Violation of Title and Section: **18 U.S.C. 1361, 18 U.S.C. 1521(c)(2), 50 U.S.C. 5104(e)(2)**

☐ Summons    ☑ Out of District    ☐ **UNDER SEAL**    ☐ Modified Date: _____

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

| | |
|---|---|
| 1. ☐ Personal Recognizance (*Signature Only*) | (c). ☐ Affidavit of Surety With Justification (*Form CR-3*) Signed by: |
| 2. ☐ Unsecured Appearance Bond | |
| $ _____ | |
| 3. ☒ Appearance Bond | |
| $ 40,000 | ☐ With Full Deeding of Property: |
| (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*) | |
| (b). ☒ Affidavit of Surety Without Justification (*Form CR-4*) Signed by: | |
| Allen Ehmke ($25,000) - by 1/14/2021 | |
| Bob Kuhn ($15,000) - by 1/18/2021 | |
| | 4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*): |
| | $ _____ |
| | 5. ☐ Corporate Surety Bond in the Amount of: |
| | $ _____ |

Release No.

_____

☐ **Release to Pretrial ONLY**
☐ **Release to Probation ONLY**
☐ Forthwith Release

_____

☐ All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by:

_____

☐ Third-Party Custody Affidavit (*Form CR-31*)

☑ Bail Fixed by Court:

JEM _____ / slo
(*Judge / Clerk's Initials*)

### PRECONDITIONS TO RELEASE

☐ The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

☐ The <u>Nebbia</u> hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

### ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☑ Submit to: ☑ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
  (***The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."***)

☑ Surrender all passports and travel documents to Supervising Agency no later than 1/15/2021 _____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

☑ Travel is restricted to CACD; Travel to D/DC only for in-person court appearances unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☑ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☑ Maintain or actively seek employment and provide proof to Supervising Agency. ☑ Employment to be approved by Supervising Agency.

☑ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: HE    Date: 1/15/21

**Case Name**: United States of America v. Hunter Allen Ehmke      Case No. 21-MJ-205

■ Defendant   ☐ Material Witness

■ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____

_____ ; ☐ except _____ .

■ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

_____

■ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ■ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☐ Submit to: ☐ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

■ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which ■ **will** or ☐ **will not** include a location monitoring bracelet. You must pay all or part of the costs of the program based upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

■ Location monitoring only - no residential restrictions;

-or-

☐ You are restricted to your residence every day:

☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.

☐ as directed by Supervising Agency;

-or-

Defendant's Initials: HE   Date: 1/15/21

Case Name: United States of America v. **Hunter Allen Ehmke**   Case No. 21-MJ-205

☑ Defendant   ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and

_____ , all of which must be preapproved by Supervising Agency;

☐ **Release to PSA only**   ☐ **Release to USPO only**

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within _____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☐ Other conditions:

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: HE   Date: 1/15/21

**Case Name:** United States of America v. **Hunter Allen Ehmke**          Case No. 21-MJ-205

☒ Defendant      ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

1/15/21                        Hunter Ehmke                        9092883883

Date                        *Signature of Defendant / Material Witness*          *Telephone Number*

Glendora   CA

*City and State (DO NOT INCLUDE ZIP CODE)*

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form
and have been told by the defendant that he or she understands all of it.

_____          _____

*Interpreter's Signature*                        *Date*

Approved: Alicia G. Rosenberg                        January 20, 2021

*United States ~~District Judge~~ / Magistrate Judge*          *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: HE   Date: 1/15/21

CR-1 (05/19)          CENTRAL DISTRICT OF CALIFORNIA RELEASE ORDER AND BOND FORM          PAGE 4 OF 4

Case 2:21-cr-00005-PSC Document 47-4 Filed 03/04/22 Page 23 of 25

CLOSED

**Query**   **Reports**   **Utilities**   **Help**   **What's New**   **Log Out**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CRIMINAL DOCKET FOR CASE #: 2:21-mj-00205-DUTY-1

Case title: USA v. Ehmke

Date Filed: 01/14/2021

Other court case number:  1:21-mj-00027 District of Columbia

Date Terminated: 01/22/2021

---

Assigned to: Duty Magistrate Judge

**Defendant (1)**

**Hunter Allen Ehmke**
REG 25610-509
*TERMINATED: 01/22/2021*

represented by **Adam Olin**
Federal Public Defenders Office
321 East 2nd Street
Los Angeles, CA 90012
213-894-1462
Fax: 213-894-0081
Email: adam_olin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**                                    **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                 **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                        **Disposition**

None

---

**Plaintiff**

**USA**                                   represented by **US Attorney's Office**

AUSA - Office of US Attorney
Criminal Division - US Courthouse
312 North Spring Street 12th Floor
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/14/2021 | 1 | AFFIDAVIT RE: OUT-OF-DISTRICT WARRANT (Rule 5(c)(3)) filed as to defendant Hunter Allen Ehmke, originating in the District of Columbia. Defendant charged in violation of: 18:1361, 18:1521(c)(2), 40:5104(e)(2). Signed by agent Joseph Ahonen, FBI, Special Agent. filed by Plaintiff USA. (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Hunter Allen Ehmke; defendants Year of Birth: 2000; date of arrest: 1/13/2021 (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 3 | Defendant Hunter Allen Ehmke arrested on warrant issued by the USDC District of Columbia at Washington. (Attachments: # 1 Out-of-District Complaint)(cio) (Entered: 01/22/2021) |
| 01/14/2021 | 4 | MINUTES OF ARREST ON OUT OF DISTRICT WARRANT held before Magistrate Judge John E. McDermott as to Defendant Hunter Allen Ehmke Defendant arraigned and states true name is as charged. Attorney: Adam Olin for Hunter Allen Ehmke, Deputy Federal Public Defender, present. Court orders bail set as: Hunter Allen Ehmke (1) $40,000 Appearance Bond, (SEE BOND ATTACHED). Defendant remanded to the custody or currently in the custody of the US Marshal. Court orders defendant held to answer to District of Columbia. Bond to Transfer. Defendant ordered to report on 1/21/2021 in DC. RELEASE ORDER NO: ELECTRONIC. Dft to appear on 1/21 at 1PM in DC. Video details provided to defense counsel. Court Reporter: Myra Ponce. (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 5 | CONSENT to Video Conference/Telephonic Conference filed by Defendant Hunter Allen Ehmke. (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 6 | IN CHAMBERS MANDATORY RULE 5(f) ORDER by Magistrate Judge John E. McDermott: as to Defendant Hunter Allen Ehmke (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 7 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Hunter Allen Ehmke. (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 8 | FINANCIAL AFFIDAVIT filed as to Defendant Hunter Allen Ehmke. (Not for Public View pursuant to the E-Government Act of 2002) (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 9 | WAIVER OF RIGHTS approved by Magistrate Judge John E. McDermott as to Defendant Hunter Allen Ehmke. (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 10 | REDACTED AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $25,000 by surety: Aaron Ehmke for Defendant Hunter Allen Ehmke (cio) (Entered: 01/22/2021) |
| 01/14/2021 | 11 | SEALED UNREDACTED AFFIDAVIT OF SURETY (NO JUSTIFICATION) filed for Defendant Hunter Allen Ehmke re: Affidavit of Surety (No Justification)(CR-4) 10 (cio) (Entered: 01/22/2021) |

| 01/14/2021 | [14](#) | DECLARATION RE: PASSPORT filed by Defendant Hunter Allen Ehmke, declaring that I have been issued a passport or other travel document(s), but they are not currently in my possession. I will surrender any passport or other travel document(s) issued to me, to the U.S. Pretrial Services Agency by the deadline imposed. I will not apply for a passport or other travel document during the pendency of this case. (cio) (Entered: 01/22/2021) |
|---|---|---|
| 01/15/2021 | [17](#) | REDACTED AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $15,000 by surety: Robert G. Kuhn for Defendant Hunter Allen Ehmke (cio) (Entered: 02/04/2021) |
| 01/15/2021 | [18](#) | SEALED UNREDACTED AFFIDAVIT OF SURETY (NO JUSTIFICATION) filed for Defendant Hunter Allen Ehmke re: Affidavit of Surety (No Justification)(CR-4) [17](#) (cio) (Entered: 02/04/2021) |
| 01/19/2021 | [12](#) | REDACTED AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $15,000 by surety: Robert G. Kuhn for Defendant Hunter Allen Ehmke (cio) (Entered: 01/22/2021) |
| 01/19/2021 | [13](#) | SEALED UNREDACTED AFFIDAVIT OF SURETY (NO JUSTIFICATION) filed for Defendant Hunter Allen Ehmke re: Affidavit of Surety (No Justification)(CR-4) [12](#) (cio) (Entered: 01/22/2021) |
| 01/20/2021 | [15](#) | DECLARATION RE: PASSPORT filed by Defendant Hunter Allen Ehmke, declaring that my passport and any other travel documents are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case. (cio) (Entered: 01/22/2021) |
| 01/20/2021 | [16](#) | BOND AND CONDITIONS OF RELEASE filed as to Defendant Hunter Allen Ehmke conditions of release: $40,000 Appearance Bond (SEE BOND ATTACHED FOR ADDITIONAL CONDITIONS) approved by Magistrate Judge Alicia G. Rosenberg. (cio) (Entered: 02/02/2021) |
| 01/22/2021 | | Notice to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Defendant Hunter Allen Ehmke. Your case number is: 1:21-mj-00027. The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: [4](#) Initial Appearance - Arrest on Out of District Warrant - Rule 5(c)(3) (fka Rule 40),,. If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (cio) (Entered: 01/22/2021) |
| 02/02/2021 | | Notice to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Defendant Hunter Allen Ehmke. Your case number is: 1:21-mj-00027. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: [16](#) Bond and Conditions (CR-1). If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (cio) (Entered: 02/02/2021) |
| 02/04/2021 | | Notice to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Defendant Hunter Allen Ehmke. Your case number is: 1:21-mj-00027. The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: [17](#) Affidavit of Surety (No Justification)(CR-4), [18](#) Unredacted Document. If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (cio) (Entered: 02/04/2021) |