UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22-cr-15 (APM)-7 |
| ) | |
| JOSEPH HACKETT, ) | Oral Argument Requested |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO DISMISS COUNT FOURTEEN OF THE INDICTMENT
AND MEMORANDUM OF LAW**

Pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, Defendant Joseph Hackett, by and through undersigned counsel, hereby moves this Court to dismiss count 14 of the Indictment for failure to state an offense. This motion is based on the following Memorandum of Law and any other authorities the Court may consider. Mr. Hackett respectfully requests oral argument on his Motion to Dismiss Count 14 of the Indictment.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOSEPH HACKETT'S
MOTION TO DISMISS COUNT FOURTEEN OF THE INDICTMENT**

I.   **INTRODUCTION AND BACKGROUND**

Mr. Hackett incorporates by reference herein the information and legal authority set forth in his Motion to Dismiss Counts One, Two, Three, and Four of the Indictment. It is well settled that a criminal defendant has the right to be informed "of the nature and the cause of the accusation[.]" Sixth Amend., U.S. Const. That right to notice is violated when the indictment merely parrots the language of the statute allegedly violated. The indictment must allege specific

and essential facts constituting the offense. Count 14 charges that Mr. Hackett "did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, the Grand Jury investigation into the attack on the Capitol on January 6, 2021." Indictment at ¶ 168. Although the indictment identically tracks the language of the statute, it does not allege specific or essential facts as required by the Sixth Amendment and Rules 7 and 12 of the Federal Rules of Criminal Procedure.

**II.     LEGAL ARGUMENT**

An indictment will only withstand a challenge to its sufficiency if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *See Hamling v. U.S.,* 418 U.S. 87, 117 (1974). The second requirement is grounded in the guarantee of the Sixth Amendment that "i[i]n all criminal proceedings, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]" *See Russell v. U.S.*, 39 U.S. 749, 763 (1962)(quoting U.S. Const., amend. VI). However, an indictment will not satisfy those requirements by merely parroting the language of the statute alleged to have been violated. The indictment must "sufficiently apprise[] the defendant of what he must be prepared to meet." *Id.*

The *Russell* Court explained that "[i]t is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species, — it must descend to particulars." *Id.* at 765

(quoting *U.S. v. Cruishank*, 92 U.S. 542, 558 (1875)).  The D.C. Circuit has also stressed that although "[t]he generally applicable rule is that the indictment may use the language of the statute[,] that language must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged."  *U.S. v. Conlon*, 628 F.2d 150, 155 (D.C. Cir. 1980).

In *Russell*, the defendants were charged with violating 2 U.S.C. § 192, which prohibited any person who was summoned as a witness before Congress from refusing to answer "any question pertinent to the question under inquiry."  *Russell*, 39 U.S. at 751.  Because the indictment failed to allege facts that put the defendants on notice as to what the subject of the inquiry was, the indictment was constitutionally deficient.  *Id.* at 766.  Furthermore, the Court articulated that "[w]hat the subject actually was, therefore, is central to every prosecution under the statute.  Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute."  *Id.* at 764.

In the instant indictment, Count 14 alleges only one fact: "Sometime on or after January 6, 2021, Hackett deleted from his cellular telephone certain media, files, and communications that showed his involvement in the conduct alleged herein."  Indictment at ¶ 167.[1]  The indictment does not allege what was deleted from his cellular phone, nor does it allege with

---

[1] Count 14 incorporates by reference paragraphs 1 -13, 18-134, and 150.  Paragraphs 1-13 and 18-134 offer no additional facts or allegations regarding Mr. Hackett's alleged tampering with documents.  Paragraph 150 alleges that "the Federal Bureau of Investigation opened an investigation into the attack on the Capitol, and a Grand Jury of the United States District Court for the District of Columbia subsequently opened an investigation."  There is no allegation that Mr. Hackett knew, or should have known, about the existence of either a criminal investigation or Grand Jury investigation.  Moreover, the government does not specify when exactly the Grand Jury opened an investigation or when exactly Mr. Hackett deleted items from his cellular phone.

3

specificity when material[s] were deleted. To the extent Mr. Hackett deleted anything from his cellular telephone, the government must prove that the items deleted were material and that Mr. Hackett acted corruptly. To demonstrate corrupt purpose, the government must show that Mr. Hackett was aware of the existence of a criminal investigation or a Grand Jury investigation at the time materials were deleted.

The indictment alleges no such facts; actually, the indictment alleges almost zero facts regarding Mr. Hackett's alleged violation of 18 U.S.C. 1512(c)(1).

### III. CONCLUSION

For the reasons set forth herein, Mr. Hackett respectfully moves the Court to dismiss Count 14 of the Indictment. Mr. Hackett requests oral argument and he reserves the right to supplement his Motion to Dismiss Count Fourteen as appropriate or necessary.

Respectfully submitted,

_____/s/ Angela Halim_____
Angela Halim, Esq.,
Counsel for Joseph Hackett
3580 Indian Queen Lane
Suite 10A
Philadelphia, PA  19129
(215) 300-3229
angiehalim@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing Motion to Dismiss Count Fourteen of the Indictment and Memorandum of Law was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF. The same is available for viewing and downloading upon the following:

AUSA Jeffrey Nestler
AUSA Kathryn L. Rakoczy
Office of the United States Attorney
555 4th Street, NW
Washington D.C. 20001

                                                                               /s/ Angela Halim
                                                                            Angela Halim, Esq.

Dated:  April 15, 2022

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  No. 22-cr-15 (APM)-7 |
| | ) |
| **JOSEPH HACKETT,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendant's Motion to Dismiss Count Fourteen of the Indictment, the government's reply thereto, and oral argument, it is hereby **ORDERED** that the motion is **GRANTED**. Count Fourteen of the Indictment shall be dismissed.

_____
**The Honorable Amit P. Mehta**
**United States District Court Judge**